**Qin Yun CHEN also known as Jua Jin Hong, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 03–40241.**

United States Court of Appeals, Second Circuit.

Feb. 17, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Paul J. McNulty, United States Attorney for the Eastern District of Virginia, Gerard Mene, Assistant United States Attorney, Alexandria, Virginia, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. CHESTER J. STRAUB, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petitions for review is GRANTED, the BIA's judgment is VA-CATED, and the case is REMANDED to the BIA for further proceedings.

Qin Yun Chen, through counsel, petitions for review of an order of the BIA affirming an immigration judge's ("IJ") order denying her application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003). This Court reviews questions of law and application of law to fact *de novo*. *Secaida–Rosales*, 331 F.3d at 307. While the BIA explicitly made "no determination" regarding the IJ's adverse credibility finding, the BIA indicated that it upheld the IJ's determination that Chen presented insufficient evidence to support her claims. However, the IJ's sole basis for denial of asylum and withholding of removal was his adverse credibility finding. If the BIA credited Chen's credibility, it was without basis to hold there was insufficient evidence. Since our review is limited to the BIA's decision, we must vacate its judgment. *Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005).

Accordingly, we grant the petition to review, vacate the BIA's judgment, and remand to the BIA for further proceedings.